Curia, per

Frost, J.
This was an indictment under the Act of 1816, to prevent gaming. The first count charged the defendant with gaming and keeping a public place or house used asa place for gaming;'on which count he was found guilty The defendant moves in arrest of judgment, on the ground that two distinct offences, gaming, and keeping a public place or house used as a place for gaming, are included in the same count.
In 1 Ch. Cr. L. 249, it is said that “every separate count should charge the defendant as if he had committed a distinct offence ; because it is upon the principle of the join-der of offences, that the joinder of counts is admitted.” In Arch. Cr. Pl. 26, the same rule is affirmed, but it is add'd, that it is very doubtful if it can be made the sub-, ject of a motion in arrest of judgment, or of a writ of error, and it is cured by a verdict of guilty of one of the offences, and not guilty, as to the other. No authority is cited by Archbold for the position that it is doubtful if the judgment may be arrested on conviction of several distinct offences, charged in one count. In the ease of the King vs. Roberts, Carth. 226, a ferryman was indicted for extorting, at different times from different persons, excessive, toll. Lord Holt, "delivering the judgment of the court *261 says, “the offences ought not to be cumulated under a general charge, because each offence requires a different and distinct punishment; audit is not possible for the court to proportion the fine or other punishment to it, unless it is singly and certainly laid.” In Rex vs. Clendon, 2 Stra. 870, the indictment charged the defendant with an assault and battery on two persons. After verdict, judgment was arrested, on the ground that two distinct offences were charged in one indictment. It is true, that in the King vs. Benfield, 2 Burr. 984, that case was denied to be law, in so far as it decided that the offences were distinct ; but allowing that they were distinct, the authority of the case for arresting the judgment is not impeached.
The offences charged in the first count in the indictment, are distinct in their nature, and subject to distinct penalties. On the trial, the defendant may be confounded in his de-fence, and the minds of the jury distracted. They may apply the evidence in support of one of the charges, to both ; and there is wanting that certainty, which should be required in every conviction, whether the jury intended to find the defendant guilty of both the offences, and if not, of which offence. In this uncertainty, the court must be greatly embarrassed in the sentence to be pronounced. The degree of the offence for which judgment is to be rendered, must be, in a great measure, matter of conjecture ; and if it happens to be right, wants the sanction of certain proof of guilt.
In the case of the State vs. Kant and others, 2 Brev. 487, the indictment was against Fant, as keeper of a tavern, for allowing the other defendants to game in his house; and against the others, for gaming, contrary to the Act of 1802, 5 Stat. 432. The Act imposes a fine of fifty dollars on the tavern keeper,'for permitting-the gaming, and twen-. ty-five dollars on those who game. The verdict was guilty, and the judgment was arrested. The reasons assigned apply with full force to this case. In the opinion of the court it is said, “the offences are distinct, different in their nature, and admitting of different degrees of punishment; and ought not to have been combined in one indictment.”
The motion is granted.
The whole court concurred.